IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVVEN W. BEAVER, | ) | CASE NO. 1:06CV02895 |
| | ) | |
| | ) | JUDGE OLIVER |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| ERNIE MOORE,   Warden | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before

the court is Devven W. Beaver's ("Beaver") petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 on December 1, 2006  (Docket #1).  Beaver is in custody of

the Lebanon Correctional Institution of Lebanon, Ohio pursuant to a journal entry of

sentence in the case of *State of Ohio v. Beaver*, Case No. 03-CR-0389 (Marion County

2003).  For the reasons set forth below, the magistrate judge recommends that the court

deny the petition.

I

On February 9, 2004, Beaver pleaded guilty to two counts of domestic violence, one

count of violation of a protection order, one count of felonious assault, one count of rape,

one count of intimidation, and one count of tampering with evidence.  The court sentenced

Beaver to a total of nine years.

On November 15, 2005, proceeding *pro se*, Beaver filed in the state appellate court

a notice of appeal and a motion for leave to file a delayed appeal. Beaver raised three

assignments of error in his memorandum in support of his appeal:

> 1) In the instant case, the trial court failed totally to even touch upon the appellate rights or responsibilities of Appellant.
> 2) Further, the trial court failed to appoint counsel to timely file a notice of appeal and . . .
> 3) [C]ounsel who had been appointed to handle the trial failed completely to even discuss the possibility that Appellant might want to appeal the sentence in this case.

The appellate court overruled Beaver's motion for leave to file a delayed appeal on January

23, 2006

Beaver timely filed a notice of appeal in the Ohio Supreme Court. Beaver raised two

propositions of law in his memorandum in support of jurisdiction:

### PROPOSITION OF LAW NO. I:

> WHERE A CRIMINAL DEFENDANT REQUESTS LEAVE TO FILE A DELAYED APPEAL CITING THE FAILURE OF THE TRIAL COURT TO APPOINT COUNSEL TO TIMELY APPEAL, AND THEREWITH REQUESTS THE APPOINTMENT OF COUNSEL, A COURT OF APPEALS IS REQUIRED TO APPOINT COUNSEL TO PROCEED WITH THE APPEAL AND THE DENIAL THEREOF VIOLATED THE RIGHT TO COUNSEL, DUE PROCESS AND EQUAL PROTECTION.

### PROPOSITION OF LAW NO. II:

> WHERE A SENTENCING COURT FAILS TO ADVISE OR NOTIFY A DEFENDANT OF HIS RIGHT TO APPEAL OR TO APPOINT COUNSEL TO DO SO, THE SUBSEQUENT DENIAL OF LEAVE TO FILE A DELAYED APPEAL BASED THEREUPON VIOLATED DUE PROCESS AND EQUAL PROTECTION.

On May 24, 2006 the Ohio Supreme Court dismissed Beaver's claims as not involving any

substantial Constitutional question.

Beaver timely filed for a petition for writ of certiorari, which the United States

Supreme Court subsequently denied.

On December 1, 2006, Beaver filed his petition for writ of habeas corpus in this

2

court, asserting three grounds for relief:

> **Ground One:** Petitioner was denied due process and equal protection access to available remedies.
>
> **Ground Two:** Petitioner was denied counsel in violation of the Sixth and Fourteenth Amendments.
>
> **Ground Three:** Petitioner was deprived of due process, equal protection and right to jury trial by the imposition of an enhanced sentence based upon judicial fact finding on facts not charged.

The respondent filed a Answer/Return of Writ on April 27, 2007 (Docket #7). Beaver filed

a Traverse on May 14, 2007 (Docket #9). Thus, the petition is ready for decision.

II

A.    *Jurisdiction*

Beaver is in the custody of Lebanon Correctional Institution of Lebanon, Ohio.

Beaver filed this writ of habeas corpus in the Northern District of Ohio and raises claims

regarding the constitutionality of his incarceration under 28 U.S.C. § 2254:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a)&(d).

Beaver was sentenced by the Marion County Court of Common Pleas in Marion,

Ohio and filed his petition for a writ of habeas corpus in the Northern District of Ohio.

Thus, this court has jurisdiction over his claims.

3

B.    Statute of Limitations

Respondent argues that Beaver's petition for habeas corpus is barred by the statute

of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d) ("§ 2244(d)"), sets forth time limitations within which a person in custody

pursuant to a judgment by a state court is able to file a habeas corpus petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitations under this subsection.  28
> U.S.C. § 2244(d)(1) and (2).

A habeas petition filed outside the time period provided in this statute must be dismissed.

*Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000).

The plain language of the AEDPA dictates that the one-year limitation period starts

when the judgment becomes final either by the conclusion of direct review or by expiration

of the time for direct review.  § 2244(d)(1)(A).  If the defendant does not petition for a writ

of certiorari and fails to file a timely appeal in the state appellate court, a prisoner's

conviction becomes final within 30 days of the entry of the judgment of the state trial court.

Ohio R. App. Proc. § 4(A).

4

Filing a motion for a delayed appeal does not restart the statute of limitations. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). A properly filed motion for a delayed appeal may toll a limitation period that has not yet expired, but "it cannot cause the statute to begin running anew . . . ." *Id.* at 519.

The court sentenced Beaver on February 9, 2004. Beaver had 30 days to file a notice of direct appeal from the time his sentence became final. Beaver did not file a notice of appeal within the 30-day deadline. The limitation period began to run, therefore, on March 12, 2004, and it expired on March 13, 2005. Beaver filed an application for leave to file a delayed appeal on November 15, 2005, more than eight months after the limitation period had expired. This filing did not restart the limitation period. Beaver filed his petition for a federal writ of habeas corpus on December 1, 2006, more than a year and a half after the expiration of the deadline for filing a timely petition. Because Beaver filed his petition for habeas relief well after the expiration of the statutory period, his petition is barred by the one-year statute of limitations at § 2244(d)(1)(A).

III

For the reasons given above, the magistrate judge recommends that the court dismiss Beaver's petition as time barred.

Date: July 3,  2007                     /s/Patricia A. Hemann
                                        Patricia A. Hemann
                                        United States Magistrate Judge


OBJECTIONS
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v.*

5

*Walters,* 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).